## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **VANNETTA DIBBLES,** individually and as representative of the estate of **LAKESHIA DIBBLES,** deceased.<br><br>         *Plaintiff,*<br><br>*v.*<br><br>**RON HICKMAN IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,**<br>**ED GONZALEZ IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,**<br>**AND**<br>**ADRIAN GARCIA IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES**<br><br>         *Defendants.* | Case No. 4:18 cv 1751<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff VANNETTA DIBBLES individually and as representative of the estate of LAKESHIA DIBBLES ("VANNETTA DIBBLES" or "Plaintiff") brings this Complaint and Demand for Jury Trial ("Complaint") against Defendants HARRIS COUNTY, TEXAS, Former Harris County Sherriff RON HICKMAN, Harris County Sherriff ED GONZALEZ and Former Harris County Sherriff ADRIAN GARCIA  ("Defendants") under 42 U.S.C. §  1983, 42 U.S.C. § 1988.

### SUMMARY OF THE CASE

1.      Complaint is made against Defendants concerning the unconstitutional policies, procedures, customs, practices, and usages of Defendants. Plaintiff seeks monetary damages under 42 U.S.C. § 1983 for the wrongful death of LAKESHIA DIBBLES sustained as a result of

all named Defendants' wrongful conduct. PLAINTIFF also seeks attorney's fees, costs, and expenses against all named Defendants under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2.      The United States District Court has original jurisdiction over PLAINTIFF's claims by way of 28 U.S.C. §§ 1343(3) and (4). The Southern District of Texas Houston Division is the proper venue because all acts and omissions that make up the foundation PLAINTIFF'S Complaint happened in Harris County, Texas. Furthermore, this venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983.

## PARTIES

3.      PLAINTIFF VANETTA DIBBLES is a resident of Harris County, Texas.

4.      LAKESHIA DIBBLES, decedent, when alive, was a resident of Harris County, Texas.

5.      DEFENDANT RON HICKMAN was the Harris County Sheriff from May 2015 until he was unseated in November 2016, he may be served wherever he is found.

6.      DEFENDANT ED GONZALEZ is the current Harris County Sherriff he may be served at 1200 Baker St. Houston, Texas 77002.

7.      DEFENDANT ADRIAN GARCIA was the Harris County Sherriff from he may be served wherever he is found.

## STATEMENT OF FACTS

8.      This action is brought by PLAINTIFF VANNETTA DIBBLES to recover damages from all named Defendants as a result of violations of her daughter LAKESHIA DIBBLES' constitutional rights and for the wrongful death of LAKESHIA DIBBLES. LAKESHIA

DIBBLES died intestate and has no surviving children or spouse. VANNETTA DIBBLES is LAKESHIA DIBBLES' mother and next of kin.

9.      On May 18, 2016 LAKESHIA DIBBLES was in the process of being arrested by a Houston Police Officer for allegedly committing misdemeanor theft from Walmart.

10.     While the officer was occupied and not focused on LAKESHIA DIBBLES, she began to run from the officer in an attempt to evade arrest.

11.     During her attempted escape, LAKESHIA DIBBLES lost her balance, fell, and hit her head on the concrete ground.

12.     While on the ground, LAKESHIA began to bleed from her head and nose. The officers present on the scene called an ambulance and upon arrival of the emergency vehicle, LAKESHIA was transported to Memorial Hermann Hospital to receive medical treatment for her injuries.

13.     LAKESHIA spent approximately seven days at Memorial Hermann Hospital and then was discharged on May 24, 2016.

14.     Upon being discharged from the hospital, LAKESHIA was immediately transported to the Harris County Jail for processing.

15.     LAKESHIA was placed in a cell block at the Harris County Jail in general population at in the early morning hours on May 25, 2016.

16.     Upon her arrival in general population at the Harris County Jail, LAKESHIA continuously began to complain about headaches she was having.

17.     Despite LAKESHIA'S continued complaints and requests for medical attention, she was not examined by a health care professional or given any medical attention.

18.     Approximately twelve (12)  hours after her first request for medical attention, LAKESHIA began have a seizure. Only after LAKESHIA began to have seizures did she receive

medical attention. At no time during the 12 hour period when LAKESHIA was requesting medical attention and complaining of headaches was she taken to the jail clinic or even checked by a medical staff member while in her cell.

19.     During the Harris County Sherriff's Office staff members attempt to stabilize LAKESHIA they attempted to intubate her. Based on the lack of training of the medical staff on hand, LAKESHIA was improperly intubated and had to be re-intubated once the Houston Fire Department and EMS arrived to transport her to the hospital. This improper intubation reduced LAKESHIA's chances of survival.

20.     The Houston Fire Department medical professionals performed CPR on LAKESHIA during the transport to St. Josephs Hospital, but unfortunately because of the lack of medical attention at the jail, LAKESHIA was asystole upon her arrival to the hospital.

21.     At approximately 8:29pm, a mere four (4) minutes after her arrival to St. Joseph's Hospital, LAKESHIA was pronounced dead.

22.     The amount of time in between LAKESHIA's discharge from Memorial Hermann Hospital to her being pronounced dead at St. Joseph's hospital was less than 24 hours.

*The Long and Continuous History of Harris County Sheriff's Office purposeful mistreatment and indifference of jail inmates requiring medical attention.*

23.     The Harris County Sheriff's Office has a long and troubled history of mistreating and mishandling inmates that require medical attention. So much so, that in 2008, the United States Department of Justice ("DOJ") was forced to conduct an investigation into the deplorable conditions of the jail and the reprehensible conduct of the officials in regard to their treatment and purposeful neglect of the inmates.

24.     The results of the DOJ investigation were appalling. In the written report from the DOJ to Harris County Judge Ed Emmett, the DOJ advised that "the number of inmate deaths related to inadequate medical care… is alarming." The DOJ concluded that the Harris County Jail "failed

to provide inmates with adequate medical care."

25.     Despite the strong rebuke and indictment of the Harris County Sherriff's Office's treatment of inmates with medical needs, the Sherriff's Office continued to have numerous inmates die in their custody over the years. For example, Donovan Phillips (2016), Harvey Elliott (2016), Rodrin Hinton (2016), Derrick Smith (2016), Taiwo Morufu Pitan (2015), Mario Cantu (2015), Layfayette Harris (2015), Danny Neelys (2015), Janie Goodwill (2015), Patrick Green (2015) and Cedric Collins Jr. (2013) all died in Harris County Jail many years after the conclusion of the DOJ investigation.

26.     The continued deaths of inmates with medical conditions well after the DOJ's findings is evidence of the continued and systematic mistreatment and purposeful neglect of Harris County Sheriff office employees. All the employees were under the direction of either Sheriff Ed Gonzalez, former Sheriff Ron Hickman, or former Sheriff Adrian Garcia. All of the Defendants during their respective times as sheriff were responsible for the depravation of the inmates rights under the United States constitution, specifically, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.


### CAUSES OF ACTION AGAINST DEFENDANTS

27.     To the extent not inconsistent herewith, PLAINTIFF realleges and incorporates by reference all allegations previously made in this Complaint as if set forth fully herein.

28.     In committing the acts complained of by PLAINTIFF, Defendants acted under color of state law to deprive LAKESHIA DIBBLES of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including the right to adequate medical care and more importantly the right to live.

29.     Defendants while acting under color of state law and while implementing official

5

policies, practices, and customs that violated LAKESHIA DIBBLES' constitutional rights engaged in the following conduct: a) failing to implement adequate policies and procedures to ensure the health, safety and effective medical care of inmates; b) failure to train and supervise Harris County Sheriff Office employees that work at the jail; c) failure to hire an adequate amount of staff members to ensure the health and safety of inmates, and d) failure to monitor jail staff to ensure inmates medical needs were met.

30.     Defendants while acting under color of state law deprived LAKESHIA DIBBLES of her right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

31.     Defendants while acting under color of state law deprived LAKESHIA DIBBLES of her right to due process under the Fourth and Fourteenth Amendments to the United States Constitution by failing to provide her with adequate medical treatment and by ignoring her requests for medical treatment.

## **PRAYERS FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully prays that upon final hearing in this cause, PLAINTIFF recovers a judgment against Defendants, jointly and severally except where noted, as follows:

a.     For all and actual compensatory damages allowed by law, past and future, in an amount to be proved by trial, to compensate her for the physical and psychological injuries she has incurred, and for the consequences of these injuries that are reasonably likely to incur, including medical and psychological bills and expenses, emotional distress, loss of companionship, and increased morbidity and mortality and all damages in connection with the wrongful death of LAKESHIA DIBBLES.

b.     For PLAINTIFF's "reasonable attorneys" fees pursuant to 42 U.S.C. § 1988;

c.       For costs of court;

d.        For prejudgment and post-judgment interest at the legal rates; and

e.       For such other and further relief to which the PLAINTIFF has shown herself or may at

trial show herself, to be justly entitled, at law or in equity.

## **JURY DEMAND**

Plaintiff requests a jury trial of all claims in accordance with Federal Rule of Civil

Procedure 36(b)

Respectfully Submitted,

Dated: May 25, 2018                    By:   /s/ Jason Johnson

Jason Johnson (Federal Bar No. 2561082, TX Bar
No. 24065502)
Terrel Law Group
Jjohnson@terrellawgroup.com
8303 Southwest Freeway #450
Houston, TX 77074
Telephone: 346-718-8286
ATTORNEY FOR PLAINTIFF